UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
(LEXINGTON)

| | |
|---|---|
| JAMES CLAY WAGERS, | ) |
| | ) |
| **Plaintiff,** | ) Civil Action No. _____ |
| | ) |
| v. | ) Judge _____ |
| | ) |
| MONDELEZ GLOBAL LLC, D/B/A | ) |
| MONDELEZ INTERNATIONAL, INC., | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### NOTICE OF REMOVAL

Defendant Mondelez Global LLC ("Defendant"),[1] pursuant to 28 U.S.C. §§1332, 1441, and 1446, respectfully submits this Notice of Removal of this action from the Fayette Circuit Court, Kentucky, the court in which this case is presently pending, to the United States District Court for the Eastern District of Kentucky (Lexington). As grounds for this removal, Defendant states as follows:

### LITIGATION FACTS

1. On or about December 16, 2020, Plaintiff James Clay Wagers filed a Complaint against Defendant in the Fayette Circuit Court, Kentucky, captioned *James Clay Wagers v. Mondelez Global LLC, d/b/a Mondelez International, Inc.* bearing case number 20-CI-3753. Defendant was served with the Summons and Complaint on December 22, 2020.

2. In his Complaint, Plaintiff alleges claims for age discrimination and retaliation under the Kentucky Civil Rights Act, discrimination in violation of Kentucky's Workers'

---

[1] Incorrectly identified as "Mondelez Global, LLC d/b/a Mondelez International, Inc.," the correct entity is "Mondelez Global LLC."

1

Compensation Laws, and intentional infliction of emotional distress. (*See* Compl.) In accordance with the Kentucky Civil Rules, Plaintiff's Complaint does not specifically identify the amount of damages that he seeks. Plaintiff's Complaint does, however, state that Plaintiff seeks to recover "back pay, front pay, damages for lost compensation and job benefits," as well as "compensatory damages for emotional distress, humiliation, embarrassment, and aguish," "[r]easonable attorney fees, costs and expenses," and "pre- and post-judgment interest on any judgment amounts." (*See* Compl., "Wherefore" Section.)

3. The Answer to Plaintiff's Complaint was due on January 11, 2021, prior to the thirty-day removal deadline of January 21, 2021. On January 8, 2021, the parties stipulated that Defendant could have up to 20 additional days to move, plead, or otherwise respond to Plaintiff's Complaint. A copy of the complete Fayette Circuit Court case docket file is attached hereto as Exhibit A. No other filings have been made in Fayette Circuit Court.

### PLAINTIFF'S EMPLOYMENT WITH DEFENDANT

4. Plaintiff previously was employed by Defendant for approximately thirty years. (*See* Compl., ¶7.)

5. As of his last date of employment with Defendant, Plaintiff had an annual salary of $97,580.00. (Declaration of Lisa Schroeder, at ¶ 6, attached as Exhibit B, hereinafter "Schroeder Dec. ¶ 6.")

6. Plaintiff alleges that he "was terminated from his employment with Mondelez on April 10, 2020 based on his age." (Compl. ¶ 6 and 10.) Plaintiff further alleges that he "engaged" in "protected activity" and was thereafter terminated from employment in retaliation, in violation of the Kentucky Civil Rights Act. (*Id.* at ¶¶34-35, 38.) He alleges he was "discriminated against

[…] in violation of Kentucky's Workers' Compensation laws." (*Id.* at ¶ 41.) Finally, he alleges that Defendant's conduct inflicted "severe emotional distress" upon him. (*Id.* at 47.)

## CITIZENSHIP OF THE PARTIES

7.      At the time of his Complaint, Plaintiff was a resident of Kentucky. (Compl. ¶1.) Plaintiff also provided a Kentucky address on his application for employment and maintained a Kentucky address at all times during his employment with Defendant. (Schroeder Dec. ¶ 7). Accordingly, Plaintiff is a resident of and is domiciled in Kentucky.  See *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) ("State citizenship for the purpose of the diversity requirement is equated with domicile . . . . For adults, domicile is established by (1) physical presence in a place and (2) intent to remain there."); *Stifel v. Hopkins*, 477 F.2d 1116, 1120  (6th Cir. 1973) ("To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere."); *see also* 15-102 Moore's Fed. Prac. Civil § 102.34[7] ("There is a presumption of continuing domicile . . . that applies every time a person relocates. Once a domicile is established in one state, it is presumed to continue in existence, even if the party leaves that state, until the adoption of a new domicile is established.").

8.      Defendant is a Delaware limited liability company.   (Schroeder Dec. ¶ 3). Accordingly, it is a citizen of each state of which its members are citizens. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).  Mondelēz International, Inc. is the sole member of Defendant.  (*Id.* at ¶ 4.)  Mondelēz International, Inc. is a Virginia corporation with its principal place of business at 905 West Fulton Market, Suite 200, Chicago, IL 60607. (*Id.*) This location serves as its nerve center from which the corporation directs, controls, and coordinates the corporation's activities.  (*Id.*)  *See also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be

deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *see also The Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'"). Therefore, Defendant is a citizen of Virginia and Illinois. *See* 28 U.S.C. §1332; *Delay*, 585 F.3d at 1005.

9. This action is between citizens of different states over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), and it is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(a)-(b).

**AMOUNT IN CONTROVERSY**

10. The amount in controversy is to be determined based on the Plaintiff's complaint at the time the notice of removal is filed. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990). When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000.00. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 830 (6th Cir. 2006). Although Plaintiff has not specifically alleged damages in excess of $75,000 and Defendant denies Plaintiff is entitled to any such damages, it is reasonable to conclude based on the remedies sought in the Complaint that Plaintiff's requested monetary damages exceed the jurisdictional amount.

11. Plaintiff's Complaint purports to allege claims for unlawful discrimination and retaliation pursuant to the Kentucky Civil Rights Act, Chapter 344 *et seq*. unlawful discrimination under the Kentucky's Workers' Compensation Laws, and intentional infliction of emotional

4

distress. (*See* Compl.)  Plaintiff's Complaint seeks substantial damages from Defendant, including past and future lost wages, past and future lost benefits, and compensatory damages for "emotional distress, mental anguish, humiliation and embarrassment."  Plaintiff also seeks to recover his attorneys' fees and costs.  (*See* Compl., "Wherefore" section.)

12. The Kentucky statute prohibiting discrimination and retaliation provides recovery of actual damages, costs, and reasonable attorneys' fees.  KRS 344.450.  "Actual damages" includes lost wages, and also has been defined to include emotional distress, humiliation, and embarrassment.  *See Childers Oil Co. v. Adkins*, 256 S.W.3d 19, 28 (Ky. 2008). There is no limit on emotional distress damages under the Kentucky Civil Rights Act. *Shupe v. Asplundh Tree Expert Company*, 566 Fed Appx. 476 (6th Cir. 2014).

13. The Kentucky statute prohibiting discrimination for filing a workers' compensation claim provides recovery for actual damages, costs, and reasonable attorneys' fees. KRS 342.197. "Actual damages" for workers' compensation discrimination claims is defined the same was it is defined under KRS 344.450. *See Griffin Indus. v. Mullen*, 2006 Ky. App. LEXIS 96 (Ky. Ct. App. March 31, 2006).

14. Assuming a trial date a year from now, Plaintiff is seeking at least one year in backpay. This alone satisfies the amount in controversy requirement, as his salary at the time of his separation from Defendant was $97,580 per year. When the other recoverable damages for emotional distress, mental anguish, humiliation and embarrassment are considered, the amount in controversy far exceeds $75,000.

15. Additionally, a plaintiff's demand for attorneys' fees may be considered in the calculation of the estimated amount in controversy when the plaintiff fails to specifically plead with regard to the amount in controversy when, as in this case, attorneys' fees are mandated or

expressly allowed by statute. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377-78 (6th Cir. 2007). Attorney's fees alone for one year of litigation, even assuming no appeal, easily could exceed $75,000.

16. Thus, upon considering all of Plaintiff's alleged damages and remedies available under each statute, if he were to be successful at trial, Plaintiff would likely recover in excess of $75,000. This meets the amount in controversy requirement for removal.

### REMOVAL

17. There is complete diversity of citizenship between the parties and, based on Plaintiff's Complaint in the state court action and extant law, it is appropriate to conclude that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. Accordingly, the United States District Court for the Eastern District of Kentucky (Lexington) has original jurisdiction over this matter under 28 U.S.C. §1332(a).

18. Pursuant to 28 U.S.C. § 1441, the right exists to remove this case to the United States District Court for the Eastern District of Kentucky (Lexington), which embraces the place where the action is currently pending.

19. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

20. As required by 28 U.S.C. § 1446(d), Defendant shall promptly file a copy of this Notice of Removal with the Fayette County, Kentucky Circuit Court and serve copies of this Notice of Removal on Plaintiff's counsel. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit C.

WHEREFORE, Defendant respectfully requests that the above-entitled action now pending in the Fayette Circuit Court, Kentucky, be removed pursuant to 28 U.S.C. §§1332 and 1441 to this Court, that this Court accept jurisdiction over this action, and that this action be placed

upon the docket of this Court for further proceedings, as if this case had been originally instituted in this Court.

                    Respectfully submitted,

/s/ *Katharine C. Weber*
Katharine C. Weber (0042126)
Morgan A. Davenport (97207)
JACKSON LEWIS P.C.
201 East Fifth Street, 26th Floor
Cincinnati, OH 45202
(513) 898-0050 (telephone)
(513) 898-0051 (fax)
katharine.weber@jacksonlewis.com
morgan.davenport@jacksonlewis.com

*Attorney for Defendant Mondelez Global LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January, 2021, the foregoing Notice of Removal was electronically filed with the Court's CM/ECF electronic filing system and that a copy of the foregoing was served via e-mail upon:

    Leslie P. Vose
    Austin J. Flaugh
    Landrum & Shouse LLP
    P.O. Box 951
    Lexington, KY 40588-0951
    lvose@landrumshouse.com
    aflaugh@landrumshouse.com

    Attorneys for Plaintiff

                    JACKSON LEWIS, P.C.

                    BY:/s/ *Katharine C. Weber*
                         Katharine C. Weber

4825-8759-9062, v. 2